Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5307 | DATE | 2/6/2001 |
| CASE TITLE | Logan, et al. Vs. Associated International Insurance | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion to remand the case to the Circuit Court is granted. Accordingly, this case is remanded to the Circuit Court of Cook County. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 07 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 2/6/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | 01 FEB -6 PM 5:44 | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STELLA LOGAN, CHRISTOPHER LOGAN )
and CHRISTOPHER K. LOGAN, by )
his mother and next friend, )
STELLA LOGAN, )
 )
            Plaintiffs, )
 )
    v. ) No. 00 C 5307
 )
ASSOCIATED INTERNATIONAL )
INSURANCE CO., )
 )
            Defendant. )

## MEMORANDUM OPINION AND ORDER

Stella N. Logan, Christopher Logan, and Christopher K. Logan, a minor, citizens of Illinois, filed a diversity lawsuit on August 2, 2000, in the Circuit Court of Cook County, Illinois, against defendant Associated International Insurance Company ("AIIC") in connection with AIIC's refusal to pay the Logans' claims for injuries they sustained in a car accident.

The Logans had a car accident in Chicago, Illinois, in June of 1999. Stella Logan was driving a car owned by her employer, the Chicago Housing Authority ("CHA"). AIIC had issued employee automobile insurance to the CHA and, at the time of the accident, the Logans were covered by that policy because Mrs. Logan was working. The other driver's insurance could not cover the Logans' expenses. AIIC refused to pay the Logans' underinsurance claim.

AIIC removed the Logans' case to federal court. The parties disagree about whether a "service of suit" clause in the insurance policy waives AIIC's right to remove the case to federal court. The parties also disagree as to whether diversity of citizenship exists. The Logans ask me to remand the case back to the state court.

I have subject matter jurisdiction here under the diversity statute. 28 U.S.C. § 1332 (a). The Logans argue that their suit falls under an exception to diversity jurisdiction. They argue that the present case is a direct action within the meaning of 28 U.S.C. § 1332(c) which states:

> In any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen.

28 U.S.C. § 1332 (c). This would destroy diversity of citizenship because it is not disputed that the Logans are citizens of Illinois.

The Logans' case is not a direct action, however. Section 1332 (c)(1) applies to cases where someone who suffers injuries for which someone else is responsible may sue the responsible party's liability insurer without either joining the insured or first obtaining a judgment against the insured. *Searles v. Cincinnati Insurance Co.*, 998 F.2d 728, 729 (9th Cir. 1993). In other words, "unless the cause of action urged against the insurance company is

of such nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.*

This case, in contrast, is a straight up breach of contract action. The Logans *are* the insured; there is no one but the insurer on whom liability could be imposed.

Although I have jurisdiction in this case, I remand it to the state court on the merits. The decision whether to remand turns on whether a particular clause in the insurance contract waives AIIC's right to remove a case to federal court:

> It is agreed that in the event of the failure of the Insurers to pay any amount claimed to be due hereunder, the Insurers, *at the request of the Insured* (or Reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply will all requirements necessary to give such Court jurisdiction . . .

(emphasis added). The key words in the clause are "at the request of the insured." I interpret this clause according to its plain meaning. *See Archdiocese of Milwaukee v. Underwriter's at Lloyd's of London*, 955 F.Supp. 1066, 1068 (E.D. Wis. 1997). The clause is a forum selection clause. The key words in the clause plainly mean that the insurers will submit to the jurisdiction of the insured's choosing. If it were construed otherwise, the clause would be rendered meaningless. *See Archdiocese*, 955 F.Supp. at 1068 (discouraging rendering contract clauses meaningless).

Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be

"unreasonable" under the circumstances. *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 10 (1972); *see also Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990). In *Zapata*, the Court conceded that a forum clause might be "unreasonable and unenforceable if the chosen forum is seriously inconvenient for the trial of the action." *Id.* at 16. The party that challenges the clause must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15. AIIC does not argue this.

AIIC does argue that the clause in the insurance contract is not binding. It supports its argument with cases where supposedly similar clauses were found not to be enforceable. However, the cases are distinguishable. *See Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 662 N.E.2d 467, 469 (Ill. App. Ct. 1996) (defendants there invoked *forum non conveniens*); *Ashland P'ship III v. Pacific Ins. Co.*, No.99-C1498, 2000 Westlaw 1671501 (N.D. Ill., Nov. 3, 2000) (clause specifically reserved the "right to remove").

Therefore, the Logans' petition to remand to the Circuit Court of Cook County is GRANTED.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: February 6, 2001

Copies have been mailed to:

James M. Roche
Braud, Westensee & Vanderginst, Ltd.
300 S. County Farm Road, #2G
Wheaton, IL  60187

Attorney for Plaintiffs

Tyler Jay Lory
Clausen Miller P.C.
10 S. LaSalle Street, #1800
Chicago, IL  60603

Attorney for Defendant